IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MORRIS TAYLOR,

      Petitioner,

vs.                                                             No. CV 18-00127 JCH/SMV

FIFTH JUDICIAL DISTRICT COURT,

      Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Prisoner in State Custody filed by Petitioner, Morris Taylor (Doc. 1). The Court concludes that Petitioner Taylor is not entitled to § 2254 relief and dismisses the Petition.

### 1. Factual and Procedural Background

Petitioner Morris Taylor is a prisoner in state custody proceeding pro se under 28 U.S.C. § 2254. The Court has reviewed the official record in Taylor's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in Taylor's criminal case, State of New Mexico, County of Lea, Fifth Judicial District case no. D-506-CR-2013-00021. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under

1

Fed.R. Evid. 201).

Taylor was charged with one count of Trafficking (by Possession with Intent to Distribute) and one count of Delivery or Manufacture of Drug Paraphernalia. (Doc. 1 at 1). The charges arose out of a residential search by law enforcement officers authorized by a search warrant. The search warrant was issued based on information provided by a confidential informant. (Doc. 1 at 17). Prior to trial, Taylor's counsel filed a motion to suppress the evidence seized during the residential search on the grounds that the confidential informant's affidavit was insufficient to establish probably cause. The state trial court denied the motion. (Doc. 1 at 32). Taylor also filed a motion in limine seeking to exclude the confidential informant from testifying at trial and to exclude any information law enforcement officers received from the confidential informant. (Doc. 1 at 37-38). The state court granted the motion in part and excluded any evidence of a prior purchase of drugs from Petitioner by the confidential informant. The identity of the confidential informant was never disclosed, the confidential informant did not testify at trial, and no evidence relating to the confidential informant was introduced at trial. (Doc. 1 at 16-18).

Taylor was convicted by a jury on both counts. Judgment on his conviction was entered on June 9, 2014. (Doc. 1 at 1). Petitioner filed a notice of appeal on July 8, 2014. On appeal, Taylor argued that the information provided by the confidential informant was insufficient to support probable cause for issuance of the search warrant and all evidence that was seized at the residence should have been excluded. The Court rejected Taylor's argument and affirmed the jury verdict. S*tate v. Taylor,* 2016 WL 576026 (Ct. App. N.M. 2016).

Taylor then filed a petition for writ of habeas corpus in state court on April 26, 2016. Taylor raised six issues in his state habeas corpus petition:

> 1. the conviction was obtained in violation of 6th Amendment confrontation clause;
> 2. the search warrant was not properly verified;

>  3.  the conviction was obtained in violation of the 14th Amendment due process clause;
>  4.  the conviction was obtained in violation of conspiracy statutes;
>  5.  the conviction was obtained in violation of 6th Amendment rights to effective assistance of counsel; and
>  6.  the conviction was obtained in violation of 14th Amendment due process because the jury was not informed that the confidential informant was paid for information.

(Doc. 1 at 27-31). The New Mexico Public Defender Department conducted a NMRA Rule 5-802(G)(1) review and concluded that Taylor's claims were not a proceeding that a reasonable person would undertake at his own expense. (D-506-CR-2013-00021, Rule 5-802 Initial Review 5/31/2016). On July 31, 2017, the state court dismissed the habeas corpus petition on the grounds that Petitioner had not presented any sufficient basis for habeas corpus relief. Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court, which was denied. (Doc. 1 at 3). Taylor filed additional habeas corpus petitions and requests to reopen his habeas corpus case, claiming invalidity of his conviction based on violation of his rights due to the confidential informant. The state court denied all of Taylor's habeas corpus petitions and motions by orders entered October 4, 2016, November 17, 2016, July 31, 2017, and November 17, 2017. *State v. Taylor,* D-506-CR-2013-00021.

Petitioner Taylor filed his Petition in this Court on February 7, 2018. (Doc. 1). In his Petition, Taylor contends:

1. his 5th Amendment right to due process was violated because "this confidential informant was not intraduced to this court, never was disclosed to the defendant, and most importantly never once was he or she discussed at trial." (Doc. 1 at 16 (errors in the original));

2. his 4th Amendment rights were violated by the search and seizure based on information provided by the confidential informant and, when the jury asked why the police were searching defendant's dwelling, the Judge did not answer the Jury's question. (Doc. 1 at 18-19); and

3

3. his 6th Amendment rights were violated because he was not permitted to confront and question the confidential informant. (Doc. 1 at 20-21).

## 2. The Standard for § 2254 Habeas Corpus Review

Taylor is proceeding in this Court under 28 U.S.C. § 2254. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968). Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2).  Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."  *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188, 1191-92 (2018).   The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt.  *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).*  The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application

of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

Relief under the "unreasonable determination of the facts" clause of subsection (d)(2) is subject to the provisions of 28 U.S.C. § 2254(e)(1). That subsection requires that factual findings of a state court are presumed correct and can be overturned by a habeas court only on a showing by the petitioner of clear and convincing evidence. *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008). State court decisions are entitled to deference even if the state court resolves issues in a summary disposition with little or no legal reasoning. *See Sandoval v. Ulibarri,* 548 F.3d 902, 911 (10th Cir. 2008); *Paine v. Massie,* 339 F.3d 1194, 1198 (10th Cir. 2003).

### 3. <u>Analysis of Petitioner Taylor's Claims</u>

All of Petitioner Taylor's claims are based on the state court's failure to disclose the confidential informant, to allow introduction of evidence relating to the confidential informant at trial, and to permit Petitioner's conviction based on evidence seized during the alleged improper residential search. Petitioner Taylor's arguments that his constitutional rights were violated fail for three reasons. First, on direct appeal from Petitioner's conviction the New Mexico Court of Appeals ruled that the search warrant was properly issued based on the affidavit of the confidential informant. The New Mexico Court of Appeals ruled:

> "Defendant appeals his convictions for trafficking a controlled substance by possession with intent to distribute and possession of drug paraphernalia. His convictions were based on evidence obtained in the course of a search of an apartment. Defendant raises three issues. First, Defendant contends the district court erred in denying his motion to suppress by which he challenged the sufficiency of the affidavit to establish probable cause for the issuance of the search warrant. . .
> "[W]hen an application for a search warrant is based on an affidavit, the affidavit must contain sufficient facts to enable the issuing magistrate independently to pass judgment on the existence of probable cause." *Id.* ¶ 30 (internal quotation marks and citation omitted). . .
> There appears to be no dispute about the adequacy of the factual basis for the CI's knowledge in this case. The affidavit clearly reflects that the information supplied by the CI was based on first-hand experience, gained by virtue of his/her direct interaction with Defendant. *See State v. Lujan,* 1998–NMCA–032, ¶ 12, 124 N.M. 494, 953 P.2d 29 (observing that when "first-hand knowledge naturally and logically flows from a common-sense reading of the affidavit, that will suffice"). . .
> We conclude that the affidavit provided the issuing judge with sufficient information to establish both the basis of the CI's knowledge and the CI's credibility, such that the warrant was supported by probable cause. The motion to suppress was therefore properly denied."

S*tate v. Taylor,* 2016 WL 576026 at *1-*3).

Based on the Court of Appeals' ruling, the drugs and drug paraphernalia seized during the residential search did not constitute the "fruits of the poisonous tree" as contended by Taylor (Doc. 1 at 16-19), and his prosecution based on the seized evidence did not violate his constitutional rights. Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the petitioner had an opportunity for full and fair litigation of the claim in state court. *Stone v. Powell,* 418 U.S. 465, 494 (1976). Here, Taylor had the opportunity and exercised it fully. The state court's decision is not contrary to or an unreasonable application of clearly established Federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and his 4th Amendment ground for habeas relief fails. 28 U.S.C. § 2254(d)(1) and (2).

Second, Taylor's contentions that the state court violated his 5th and 6th Amendment constitutional rights by failing to disclose the confidential informant, to allow him to confront the confidential informant as a witness, and to advise the jury about the confidential informant are without merit. In his pretrial motion in limine, Taylor sought to have the confidential informant and information provided by the confidential informant excluded at trial. (Doc. 1 at 37-38). Taylor cannot seek habeas corpus relief based on the trial court's granting him the relief he requested. This invited error precludes the reversal of Taylor's conviction, as well as the grant of any habeas relief, on the basis of the exclusion of evidence relating to the confidential informant. *See United States v. Herrera,* 23 F.3d 74, 75–76 (4th Cir.1994) (holding that doctrine of invited error precludes grant of habeas relief to petitioner convicted of unindicted offense where petitioner's counsel requested the instruction on that offense); *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998). A petitioner who claims trial court error is not entitled to habeas relief on his claim when the error complained of resulted from the petitioner's own conduct. *Parker v. Champion,* 148 F.3d at 1222.[1]

Last, even if the invited error doctrine did not apply, Taylor is not entitled to relief on this claim in a § 2254 habeas petition unless the state court's error "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Brinlee v. Crisp,* 608 F.2d 839, 854 (9th Cir. 1979). The state court rejected Taylor's habeas corpus argument that the exclusion of the confidential informant rendered his trial constitutionally unfair. (*State v. Taylor,* D-506-CR-2013-00021, Order Dismissing Petition for Writ of Habeas Corpus, 7/31/2017).

---

[1] Taylor has not claimed ineffective assistance of counsel. *See Haley v. Gibson*, 229 F.3d 1163 (10th Cir. 2000).

Taylor's trial was not rendered fundamentally unfair by the failure to disclose the confidential informant or advise the jury regarding the confidential informant.  *See Haley v. Gibson*, 229 F.3d 1163 (10th Cir. 2000).

The United States Supreme Court has addressed the issue of disclosure of confidential informants with regard to the supervisory power of the federal courts in federal criminal trials. The Court has stated that the government has long had the authority to withhold the identity of informants in "the furtherance and protection of the public interest in effective law enforcement." *Roviaro v. United States,* 353 U.S. 53, 59 (1957). This authority was granted to recognize the civic duty citizens have to inform the police of illegal activity, and to encourage that cooperation by shielding informants' identities. *Id.* at 59.  In *Roviaro v. United States,* the Court held that the government's privilege to withhold the identity of a confidential informant is not absolute, but must give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61.

While this ability to prevent the accused from confronting an informant is not unlimited, *see Roviaro,* 353 U.S. at 60, "[d]isclosure of an informant is not required where the information sought from him or her would be merely cumulative, or where the informant is not a participant in or a witness to the crime charged." *United States v. Moralez,* 908 F.2d 565, 567 (10th Cir.1990). When disclosure would not lead to testimony or other evidence that would be of material benefit to the defense, disclosure is not required. *United States v. Gonzalo-Beltran,* 915 F.2d 487, 489-490 (9th Cir. 1990). The petitioner must make a minimal threshold showing that disclosure would be relevant to at least one defense. *See United States v. Sai Keung Wong,* 886 F.2d 252, 256 (9th Cir. 1989)(citing *United States v. Buffington*, 815 F.2d 1292, 1299 (9th Cir. 1987) ).

In his Petition, Taylor claims that the disclosure of the confidential informant should have been disclosed because the seizure of the drugs and paraphernalia was improper and "the jury was uncertain about its decision." (Doc. 1 at 19). Petitioner has not made the necessary minimal threshold showing that disclosure would be relevant nor material and favorable to any defense other than the alleged wrongful search and seizure. Because the search and seizure of the drugs and paraphernalia at the residence was constitutionally valid, the confidential informant's identity and testimony would not have been relevant to any defense to the trafficking charges identified by Taylor. His claims are insufficient because they are conclusory allegations with no supporting facts or evidence. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir. 1992). Taylor has failed to provide any showing that the trial court's failure to order the disclosure of the identity of the confidential informant rendered his trial so fundamentally unfair that a denial of federal constitutional rights resulted. *See Gilson v. Sirmons,* 520 F.3d 1196, 1242 (10th Cir. 2008).

Consistent with federal precedent, the state court denied Taylor appellate and habeas corpus relief on his claims relating to the confidential informant. (Doc. 1 at 3, 5). The state court concluded that Taylor's due process, denial of confrontation of the confidential informant, and ineffective assistance of counsel arguments were without merit. *See State v. Taylor,* D-506-CR-2013-00021, Order Dismissing Petition for Writ of Habeas Corpus, 7/31/2017. Taylor has not demonstrated that anything in the state court's decision is inconsistent with or an unreasonable application of federal law or that any state court error resulted in a violation of Taylor's constitutional rights. *Cullen v. Pinholster*, 563 U.S. at 181. Therefore, Taylor is not eligible for federal habeas corpus relief and the Court will dismiss his Petition for § 2254 relief. 28 U.S.C. § 2254(d)(1) and (2).

### 4. Denial of a Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must grant or deny a certificate of appealability when it enters a final order adverse to the Petitioner. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under Rule 11 of the Rules Governing Section 2254 Cases, the Court concludes that Petitioner has failed to make a substantial showing of denial of a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Prisoner in State Custody filed by Petitioner, Morris Taylor (Doc. 1) is **DISMISSED** with prejudice and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE